# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KENWON MONTGOMERY, | |
| Plaintiff, | Case No.  2:16-cv-00290-APG-CWH |
| vs. | **ORDER** |
| E.K. McDANIEL, et al., | |
| Defendants. | |

Presently before the Court is the parties' Joint Status Report (ECF No. 10), filed on March 14, 2016.  The parties request that the Court screen Plaintiff Kenwon Montgomery's prisoner civil rights complaint under 28 U.S.C. § 1915A.  Plaintiff is represented by an attorney.

Section 1915A provides that the court must "review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."  Section 1915A does not differentiate between represented and unrepresented prisoners with regard to screening, and there is no authority addressing this issue.  However, given that the purpose of § 1915A is to prevent defendants from having to respond to frivolous or malicious lawsuits and to conserve judicial resources by dismissing these types of cases at an early stage, the Court typically does not screen prisoner civil rights cases in which the prisoner is represented by an attorney. *See Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (stating that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding" (quotation omitted)); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining

that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"). Additionally, in cases in which a prisoner is represented by an attorney, the attorney's obligations under Rule 11 of the Federal Rules of Civil Procedure substantially reduce the incidence of frivolous prisoner civil rights claims.

Given that the concerns underlying § 1915A are obviated by the fact Plaintiff is represented by an attorney, the Court will not enter a screening order in this case. This case will proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: March 17, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2